IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI

UNITED STATES OF AMERICA

V.                                                                                                          NO. 4:23-CR-49

TRACY TAYLOR

**ORDER**

On January 30, 2024, the day before Tracy Taylor's sentencing hearing, Derrick Simmons, who was appointed to represent Taylor,[1] moved to withdraw as Taylor's counsel of record. Doc. #46. As cause, Simmons represents:

> [I]rreconcilable differences have arisen to the point that [he] cannot remain as [Taylor's] attorney for reasons that are protected by the Mississippi Rules of Professional Conduct and other applicable provisions of law. It is impossible for [him] to continue this representation, but most importantly, it is in [Taylor's] best interest that new counsel be appointed.

*Id.* at 2. Simmons also represents that Taylor "has been provided with a copy of this motion."[2] *Id.* at 2.

The next day, the Court held a hearing on the motion to withdraw.[3] During the hearing, Taylor confirmed he had been provided a copy of the motion to withdraw; and both Taylor and Simmons confirmed that their relationship had deteriorated to the point where it would not be in Taylor's best interest for Simmons to continue as his counsel. For those reasons,[4] in accordance

---

[1] Doc. #18.

[2] The motion's certificate of service states the same. Doc. #46 at 3.

[3] The hearing was ex parte in part.

[4] Local Criminal Rule 44.1 provides that the "[a]dmission and conduct of attorneys in criminal cases shall be governed by Rule 83.1 of *The Uniform Local Civil Rules*." Local Civil Rule 83.1 states:

> When an attorney enters an appearance in a civil action, he or she must remain as counsel of record until released by formal order of the court. An attorney may be released only on motion signed by the client(s) or upon a duly noticed motion to all parties, including the client and presented to

with the Court's oral ruling, the motion to withdraw [46] is **GRANTED**. Simmons is relieved of responsibility to further represent Taylor in this case. And because Taylor advised during the hearing that he is still financially unable to obtain counsel, Jacinta Hall is **APPOINTED** to represent Taylor in this case in substitution of Simmons. This appointment shall remain in effect until terminated or a substitute attorney is appointed or retained.

**SO ORDERED**, this 1st day of February, 2024.

/s/Debra M. Brown
**UNITED STATES DISTRICT JUDGE**

---

the judicial officer to whom the case is assigned, together with a proposed order authorizing counsel's withdrawal.

L.U. Civ. R. 83.1(b)(3).